# The State of Texas




Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

## Secretary of State

September 17, 2013

Bishops Lodge VEF II Operator Inc
President, Howard C Huang
3340 Peachtree Rd Ste 1660
Atlanta, GA 30326

> 2014-231753-2
> Include reference number in all correspondence

RE: Robert W Pate et al Vs Bishops Lodge Resort And Spa et al
    136th Judicial District Court Of Jefferson County, Texas
    Cause No: D0194714

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of process received by the Secretary of State of the State of Texas on September 12, 2013.

CERTIFIED MAIL #71901046470100228367

Refer correspondence to:

Casey H Hargroder
Kebodeaux, Hargroder & Alexander LLP
2905 Toccoa St
Beaumont, TX 77703

Sincerely,

*Helen Lupercio*

Helen Lupercio
Team Leader, Service of Process
CT/gl
Enclosure



DEFENDANT'S EXHIBIT B

CITATION

C0194714--00006

## THE STATE OF TEXAS

No. D-0194714

### ROBERT W PATE ET AL
### VS. BISHOPS LODGE RESORT AND SPA ET AL

### CITATION

### 136th JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To: BISHOPS LODGE VEF II OPERATOR INC
BY SERVING THROUGH THE SECRETARY OF STATE
FORWARD TO ITS PRESIDENT MR HOWARD C HUANG

by serving at:
3340 PEACHTREE RD
STE 1660
ATLANTA, GA  30326

DEFENDANT:

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Said answer may be filed by mailing same to: District Clerk's Office, 1001 Pearl St., 2nd floor, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office. The case is presently pending before the 136th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 6th day of September, 2013. It bears cause number D-0194714 and is styled:

Plaintiff:

ROBERT W PATE ET AL

VS.

BISHOPS LODGE RESORT AND SPA ET AL

Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

HARGRODER, CASEY H, Atty.
2905 TOCCOA STREET
BEAUMONT, TX  77703 0

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) ALSO ATTACHED ORDER DESIGNATING ALL CASES EFILE accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 9th day of September, 2013.

LOLITA RAMOS, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

BY  *Emma Richardson*    Deputy
Emma

RECEIVED
SECRETARY OF STATE

SEP 12 2013

Service of Process

231753-2

## RETURN OF SERVICE

D-0194714          136th JUDICIAL DISTRICT COURT
ROBERT W PATE ET AL
BISHOPS LODGE RESORT AND SPA ET AL
Executed when copy was delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of
_____, 20____.

_____, Officer
_____, County, Texas
By: _____, Deputy

**ADDRESS FOR SERVICE:**
BISHOPS LODGE VEF II OPERATOR INC
BY SERVING THROUGH THE SECRETARY OF STATE

ATLANTA, GA 30326 0000

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
|      |           |                                            |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:
_____

and the cause of failure to execute this process is:
_____

and the information received as to the whereabouts of said defendant(s) being:
_____

**FEES:**
Serving Petition and Copy  $_____
Total                      $_____

_____, Officer
_____, County, Texas
By: _____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my address is
         (First, Middle, Last)
_____.
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

| | | |
|---|---|---|
| **Jane Birge**<br>Chief Deputy |  | **Family Law Division**<br>409-835-8653 |

**Child Support**
P. O. Box 3586
Beaumont, TX 77704
409-835-8425

**LOLITA RAMOS**
**District Clerk**
1001 Pearl Street ~ Room 203 ~ Beaumont, TX 77701 ~ 409-835-8580 ~ Fax 409-835-8527

### Notice of E-File Case
### In Re: In the Jefferson County, District Clerk's Office

**Notice is being given to you that this case is an assigned E-file Case.**

Electronically filed cases or "E-file Cases" are governed
by Local Rule 7 which states in part, the following:

*The District Clerk shall not receive any pleadings*
*whatsoever in E-file cases in paper form, save and*
*except for the Original Petition.*

*If the District Clerk's Office receives a paper pleading in an E-file case,*
*The Clerk is ORDERED to return that pleading to the*
*purported filer with this notification and that no paper*
*pleadings can be neither received nor file-stamped.*

<u>Exception: After Citations have been served,</u>
<u>the Originals should be returned</u>
<u>to the District Clerk's Office.</u>

**The Subscriber is Lexis Nexis File and Serve *Xpress***
Instructions for opening an account are as follows:
Website: https://secure.fileandservexpress.com.
Directions for On-Line Registration:

1. Look under Law Firms and click on E-filing and Service Solutions for Law Firms.
2. On next page, click on link Lexis Nexis File and Service Court Based E-filing and Service.
3. On next page, click on link Register Now
4. On next page, clink on link Register

If you need assistance in E-filing this document, a public-access terminal
is available for use in the District Clerk's Office. Also, please refer to
the Jefferson County District Clerk's webpage @
http://co.jefferson.tx.us/dclerk/dc_home.htm
Procedures Regarding Electronic Filing Revised 1/6/2011

Svd/2011ml

D-194714

IN RE ALL CASES FILED | IN THE DISTRICT COURT OF
IN THE 136TH JUDICIAL DISTRICT

(WITH EXCEPTIONS) AS OF | JEFFERSON COUNTY, TEXAS
FEBRUARY 1, 2011

136TH JUDICIAL DISTRICT

### ORDER DESIGNATING ALL CASES E-FILE AND SETTING FORTH CERTAIN REQUIREMENTS IN E-FILE CASES

IT IS HEREBY ORDERED that, henceforth, all cases filed in the 136th District Court of Jefferson County, Texas, shall be, and they are designated e-file cases in accordance with Local Rule 7, EXCEPT that tax cases, cases involving pro se parties, and seizure and forfeiture cases, shall not be so designated, subject to further orders of this court.

IT IS FURTHER ORDERED that the District Clerk shall not receive any pleadings whatsoever in e-file cases in paper form, save and except for the original petition and return citations, and the District Clerk shall not electronically scan paper pleadings to e-file. If the District Clerk receives a paper pleading in an e-file case, the Clerk is ORDERED to return that pleading to the purported filer with a notification that the case is e-file and that no paper pleadings can be received, file-stamped, nor scanned. The attached *Efile Administrative Procedures* shall apply for electronic filing or efiling.

IT IS FURTHER ORDERED that the District Clerk shall send the notice appended hereto to all new parties to a lawsuit, whether original defendants, cross defendants, or otherwise, advising of this order and of the requirements of Local Rule 7.

IT IS FURTHER ORDERED that the District Clerk must be furnished with an electronic disk of all parties in cases involving 10 plaintiffs or defendants or a combination of both, including the addresses of those receiving service, in a format prescribed by the District Clerk.

IT IS FURTHER ORDERED that each pleading in cases designated as E-file shall be fully and properly labeled, and a pleading shall deal with only one subject matter. Thus, for example, a Motion to Transfer Venue may not be combined with an Answer, but they shall be two separate pleadings, each labeled accordingly and filed separately. In similar fashion, all matters shall be separately pleaded, labeled, and filed, and there shall be no "gang filing". The purpose of this requirement is so that separate matters may be readily indexed and located in the electronic file.

SIGNED AND ENTERED this 21ST DAY OF DECEMBER, 2010.

_____
JUDGE MILTON GUNN SHUFFIELD

I CERTIFY THIS AS A TRUE COPY
Witness my Hand and Seal of Office

SEP - 9 2013

LOLITA RAMOS, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

CAUSE NO. D-194714

| | | |
|---|---|---|
| ROBERT W. PATE and SANDRA L. PATE | § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | |
| THE BISHOP'S LODGE RESORT AND SPA, BISHOP'S LODGE 1, LLC, BISHOP'S LODGE RESORT COMMUNITIES, LLC, BISHOP'S LODGE – VEF II OPERATOR, INC., VALUE ENHANCEMENT FUND II, LLC and AREA PROPERTY PARTNERS, LP | § § § § § § § § | JEFFERSON COUNTY, TEXAS

136th JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, ROBERT W. PATE and SANDRA L. PATE (hereinafter referred to collectively as "plaintiffs") and files this their original petition against defendants, THE BISHOP'S LODGE RESORT AND SPA, BISHOP'S LODGE 1, LLC, BISHOP'S LODGE RESORT COMMUNITIES, LLC, BISHOP'S LODGE – VEF II OPERATOR, INC., VALUE ENHANCEMENT FUND II, LLC and AREA PROPERTY PARTNERS, LP (hereinafter referred to collectively as "defendants"), and in support thereof, plaintiffs would show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 2 of Texas Rules of Civil Procedure 190.3. However, plaintiffs reserve their right to request that this matter be governed under a Level 3 discovery control plan, pursuant to the Texas Rules of Civil Procedure 190.4.

## II. RELIEF

2. Plaintiffs seek monetary relief in excess of $1,000,000.00 Tex.R.Civ.P.47(c)(5).

## III. PARTIES

3. Plaintiff, **ROBERT W. PATE**, is an individual who is a citizen and resident of Jefferson County, Texas.

4. Plaintiff, **SANDRA L. PATE**, is an individual who is a citizen and resident of Jefferson County, Texas, and is the wife of Robert W. Pate.

5. Defendant, **THE BISHOP'S LODGE RESORT AND SPA**, is a business believed to be organized under the laws of the State of New Mexico, and doing business in the State of Texas. The Bishop's Lodge Resort and Spa does not maintain a regular place of business in the State of Texas and has not designated a registered agent for service of process. As such, citation and process may be served on the Secretary of State of the State of Texas as an agent for service on The Bishop's Lodge Resort and Spa under Section 17.044(b) of the Texas Civil Practice and Remedies Code. The Secretary of State of the State of Texas is being served with duplicate copies of process as well as a statement of the name and address of the non-residence home office. It is requested that the Secretary of the State of Texas serve The Bishop's Lodge Resort and Spa by mailing a copy of the process to the non-resident addressed to: **Mr. Richard Verruni, Managing Director, The Bishop's Lodge Resort and Spa, 1297 Bishop's Lodge Road, Santa Fe, New Mexico 87501**, by certified mail, return receipt requested.

6. Defendant, **BISHOP'S LODGE 1, LLC** ("Bishop's Lodge 1"), is a limited liability company believed to be organized under the laws of the State of New Mexico, and doing business in the State of Texas. Bishop's Lodge 1 does not maintain a regular

place of business in the State of Texas and has not designated a registered agent for service of process. As such, citation and process may be served on the Secretary of State of the State of Texas as an agent for service on Bishop's Lodge 1 under Section 17.044(b) of the Texas Civil Practice and Remedies Code. The Secretary of State of the State of Texas is being served with duplicate copies of process as well as a statement of the name and address of the non-residence home office. It is requested that the Secretary of the State of Texas serve Bishop's Lodge 1 by mailing a copy of the process to the non-resident addressed to: **Mr. Ralph H. Scheuer, Member-Manager, Bishop's Lodge 1, LLC, 125 Lincoln Avenue, #223, Santa Fe, New Mexico 87501**, by certified mail, return receipt requested.

7. Defendant, **BISHOP'S LODGE RESORT COMMUNITIES, LLC** ("Bishop's Lodge Resort"), is a limited liability company believed to be organized under the laws of the State of Delaware, and doing business in the State of Texas. Bishop's Lodge Resort does not maintain a regular place of business in the State of Texas and has not designated a registered agent for service of process. As such, citation and process may be served on the Secretary of State of the State of Texas as an agent for service on Bishop's Lodge Resort under Section 17.044(b) of the Texas Civil Practice and Remedies Code. The Secretary of State of the State of Texas is being served with duplicate copies of process as well as a statement of the name and address of the non-residence home office. It is requested that the Secretary of the State of Texas serve Bishop's Lodge Resort by mailing a copy of the process to the non-resident addressed to: **Mr. James P. Ryan, Manager, Value Enhancement Fund II, LLC (Manager for Bishop's Lodge Resort),**

**3424 Peachtree Road N. E., Suite 800, Atlanta, Georgia 30326**, by certified mail, return receipt requested.

8. Defendant, **BISHOP'S LODGE – VEF II OPERATOR, INC.** ("Bishop's Lodge – VEF), is a corporation believed to be organized under the laws of the State of Delaware, and doing business in the State of Texas. Bishop's Lodge – VEF does not maintain a regular place of business in the State of Texas and has not designated a registered agent for service of process. As such, citation and process may be served on the Secretary of State of the State of Texas as an agent for service on Bishop's Lodge - VEF under Section 17.044(b) of the Texas Civil Practice and Remedies Code. The Secretary of State of the State of Texas is being served with duplicate copies of process as well as a statement of the name and address of the non-residence home office. It is requested that the Secretary of the State of Texas serve Bishop's Lodge - VEF by mailing a copy of the process to the non-resident addressed to: **Mr. Howard C. Huang, President, Bishop's Lodge – VEF II Operator, Inc., 3340 Peachtree Road, Suite 1660, Atlanta, Georgia 30326**, by certified mail, return receipt requested.

9. Defendant, **VALUE ENHANCEMENT FUND II, LLC** ("Value Enhancement"), is a limited liability company believed to be organized under the laws of the State of Georgia, and doing business in the State of Texas. Value Enhancement does not maintain a regular place of business in the State of Texas and has not designated a registered agent for service of process. As such, citation and process may be served on the Secretary of State of the State of Texas as an agent for service on Value Enhancement under Section 17.044(b) of the Texas Civil Practice and Remedies Code. The Secretary of State of the State of Texas is being served with duplicate copies of process as well as a

statement of the name and address of the non-residence home office. It is requested that the Secretary of the State of Texas serve Value Enhancement by mailing a copy of the process to the non-resident addressed to: **Mr. James P. Ryan, Manager, Value Enhancement Fund II, LLC, 3424 Peachtree Road N. E., Suite 800, Atlanta, Georgia 30326**, by certified mail, return receipt requested.

10. Defendant, **AREA PROPERTY PARTNERS, LP** ("Area Property Partners"), is a limited partnership believed to be organized under the laws of the State of Delaware, and doing business in the State of Texas. Area Property Partners does not maintain a regular place of business in the State of Texas and has not designated a registered agent for service of process. As such, citation and process may be served on the Secretary of State of the State of Texas as an agent for service on Area Property Partners under Section 17.044(b) of the Texas Civil Practice and Remedies Code. The Secretary of State of the State of Texas is being served with duplicate copies of process as well as a statement of the name and address of the non-residence home office. It is requested that the Secretary of the State of Texas serve Area Property Partners by mailing a copy of the process to the non-resident addressed to: **Mr. Steven Wolf, Partner, Area Property Partners, LP, 60 Columbus Circle, 20th Floor, New York, New York 10023**, by certified mail, return receipt requested.

### IV. JURISDICTION and VENUE

11. This Court has jurisdiction over this matter in that the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is proper in Jefferson County, Texas, pursuant to Section 15.002(a)(4) of the Texas Civil Practice and Remedies Code, as plaintiff resides in Jefferson County, Texas.

## V. FACTS

12. On or about June 30, 2012, Mr. Pate was a guest at defendants' premises known as The Bishop's Lodge Resort and Spa ("Bishop's Lodge") located at 1297 Bishop's Lodge Road, Santa Fe, New Mexico 87501. During Mr. Pate's time as a guest at Bishop's Lodge on June 30, 2012, Mr. Pate fell through a clandestine storm drain, through no fault of his own, which was covered by a board, dirt and/or debris that prevented Mr. Pate from seeing the storm drain as he traversed the grounds of Bishop's Lodge. The storm drain was covered and hidden due to the defendants' lack of maintenance of the storm drain and their failure to warn patrons of the storm drain's location. Further, there were no warning signs situated near the storm drain indicating or warning patrons, such as Mr. Pate, as to the location of the storm drain. Accordingly, the actions, inactions and/or conduct of the defendants proximately caused Mr. Pate to fall into the clandestine storm drain and proximately caused him to sustain severe and serious personal injuries to his back, neck, knees and other areas of his body that have and will continue to require medical treatment, including surgical intervention. As a result, Mr. Pate seeks recover of damages the defendants resulting from his injuries sustained from the fall.

13. Defendants are believed to be the owners and/or managers in control of the premises known as Bishop's Lodge, where the incident made the basis of this lawsuit occurred.

## VI. CAUSE OF ACTION ONE – PREMISES LIABILITY CLAIM BY INVITEE

14. Pursuant to the foregoing facts, Mr. Pate entered defendants' premises in response to defendants' invitation to the public, to stay at defendants' resort and for their mutual benefit.

15. A condition on defendants' premises posed an unreasonable risk of harm to Mr. Pate and the public.

16. Defendants knew or reasonably should have known of the danger posed by the clandestine storm drain that was covered up by a board, dirt and/or debris.

17. Defendants had a duty to use ordinary care to ensure that the premises they owned and/or controlled did not present a danger to the plaintiff or others. This duty includes the duty to inspect and the duty to warn or to cure. Defendants breached the duty of ordinary care by failing to warn the public and/or its patrons, such as Mr. Pate, of the conditions of its premises, including but not limited to the clandestine hole that Mr. Pate fell in.

18. Defendants' breach of duty of care proximately caused injury to plaintiff, which resulted in the following damages:

    a. past, present and future physical pain and suffering;

    b. past, present and future mental anguish;

    c. past, present and future impairment and disfigurement;

    d. past, present and future disability;

    e. loss of income and loss of earning capacity;

    f. loss of consortium;

    g. past, present and future medical expenses;

  h.  past, present and future consequential damages;

  i.  punitive damages;

  j.  court costs;

  k.  prejudgment and post-judgment interest; and

  l.  attorney's fees.

19. Plaintiff seeks damages within the jurisdictional limits of this Court.

20. Plaintiff's injuries resulted from defendant's gross negligence or malice, which entitles plaintiff to exemplary damages under Texas Civil Practice and Remedies Code section 41.003(a).

## VII. CAUSE OF ACTION TWO – NEGLIGENCE

21. Pursuant to the foregoing facts and in the alternative to others counts; Mr. Pate's injuries were the result of defendants' ongoing negligent activities being conducted and/or failure to act on the premises at the time of the injury, not a condition of the premises. Further, defendants owed a duty of care to protect its patrons from unreasonable harm as noted above, and defendants failed to do so. As such, defendant's actions, inactions and/or conduct, proximately caused the injuries of plaintiff, to which plaintiff is entitle to recover damages from the defendants.

## VIII. CAUSE OF ACTION THREE – LOSS OF CONSORTIUM

22. Plaintiff, Sandra L. Pate, is the lawful wife of plaintiff, Robert W. Pate. They have been married approximately twenty-five (25) years and enjoyed a healthy, active, loving, productive and fulfilling relationship. Each marriage partner was fully capable of adding to and providing for the marriage through independent labors. Regrettably and sadly, because of the devastating consequences of defendants' negligence, actions,

inactions and/or conduct relating to the incident made the basis of this lawsuit, the marital relationship will in all responsible probability be altered in a significant and permanent way.

23. As a proximate result of the incident made the basis of this suit and defendants' negligent acts and conduct as stated above, plaintiff, Sandra L. Pate, brings this action against defendants to recover damages for the following items:

  a. Loss of consortium;

  b. Loss of household services;

  c. Emotional and mental anguish; and

  d. Such other further items of damages as may be supplemented as a result of the discovery performed in this suit.

## IX.   JURY DEMAND

24. Plaintiffs demand a jury trial and tender the appropriate fee with this petition.

## X.   REQUEST FOR DISCLOSURE

25. Under Texas Rule of Civil Procedure 194, plaintiffs requests that defendant disclose that are attached to this petition, within 50 days of the service of this request, the information or material described in Rule 194.2.

## XI.   PRAYER

26. Plaintiffs pray that upon trial, plaintiffs recover judgment against the defendants for the elements of damages sought herein, along with prejudgment and post-judgment interest, attorney's fees, and costs, and all further relief, general and special, at law and in equity, to which he may show themselves justly entitled to be receive.

Respectfully submitted:

KEBODEAUX, HARGRODER & ALEXANDER, LLP.

By: _____
CASEY HARGRODER
State Bar No. 24050718
KEITH KEBODEAUX
State Bar No. 11144300
H. SCOTT ALEXANDER
State Bar No. 00793247
2905 Toccoa Street
Beaumont, Texas 77703
(409) 832-0347 – Phone
(409) 838-0167 – Facsimile
kkebodeaux@khalaw.com
chargroder@khalaw.com
salexander@khalaw.com

**ATTORNEYS FOR PLAINTIFFS,
ROBERT W. PATE and
SANDRA L. PATE**

## PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANTS

(a) The correct name(s) of the parties to this lawsuit.

**RESPONSE:**

(b) The name, address and telephone number of any potential party to this lawsuit.

**RESPONSE:**

(c) The legal theories and, in general, the factual basis of defenses of the responding party.

**RESPONSE:**

(d) The amount and any method of calculating economic damages.

**RESPONSE:**

(e) The name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with this case:

**RESPONSE:**

(f) For any testifying expert:

    a. The expert's name, address and telephone number;

    b. The subject matter on which the expert will testify;

    c. The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information; and

    d. If the expert is retained by, employed by or otherwise subject to the control of the responding party:

        1. all documents, tangible things, reports, models or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

        2. the expert's current resume and bibliography.

**RESPONSE:**

(g)   Any indemnity and insuring agreements described in Rule 192.3(f).

**RESPONSE:**

(h)   Any settlement agreements described in Rule 192.3(h).

**RESPONSE:**

(i)   Any discoverable witness statements described in Rule 192.3(h).

**RESPONSE:**

(j)   In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

**RESPONSE:**

(k)   In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

**RESPONSE:**

(l)   The name, address, and telephone number of any person who may be designated as a responsible third party.

**RESPONSE:**