**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| ROBERT W. PATE and SANDRA L. PATE | § § § | |
| VS. | § § | CIVIL ACTION NO. 1:13-cv-00618-TH |
| THE BISHOP'S LODGE RESORT AND SPA, BISHOP'S LODGE 1, LLC, BISHOP'S LODGE RESORT COMMUNITIES, LLC, BISHOP'S LODGE – VEF II OPERATOR, INC., VALUE ENHANCEMENT FUND II, LLC and AREA PROPERTY PARTNERS, LP | § § § § § § § § § | JURY DEMANDED |

**PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiffs, **ROBERT W. PATE and SANDRA L. PATE** (hereinafter referred to collectively as "Plaintiffs") and files this their First Amended Original Complaint against Defendants, **THE BISHOP'S LODGE RESORT AND SPA**, **BISHOP'S LODGE 1, LLC, BISHOP'S LODGE RESORT COMMUNITIES, LLC, BISHOP'S LODGE – VEF II OPERATOR, INC., VALUE ENHANCEMENT FUND II, LLC, AREA PROPERTY PARTNERS, LP, and CAM HOSPITALITY MANAGEMENT, LLC** (hereinafter referred to collectively as "Defendants"), and in support thereof, Plaintiffs would show unto the Court as follows:

**I.    JURISDICTION**

1.    The Plaintiffs are residents and citizens of Jefferson County, Texas. The Defendants are business entities that are not residents or citizens of the State of Texas, but they have conducted business and established contacts in the State of Texas,

including within the Eastern District of Texas, leading up to the incident made the basis of this lawsuit.  The amount in controversy, without interest and costs, exceeds the sum or value of $75,000.00.  Accordingly, this cause of action is within the jurisdiction of the Eastern District of Texas, and this Honorable Court, in accordance with 28 U.S.C. § 1332.

2.      This Court has personal jurisdiction over the Defendants in this case because the Defendants have purposely availed themselves of the privileges and benefits of conducting business in the State of Texas, including within the Eastern District Court of Texas.  Specifically, Defendants have transacted business with the Plaintiffs within the State of Texas, including entering into contracts with the Plaintiffs and other residents of the State of Texas, in order to utilize their hotel and/or resort.  In addition, the Defendants employ and/or utilize Texas citizens and/or residents to conduct business on their behalf, including the transactions leading up to the incident made the basis of this lawsuit.  Exercising personal jurisdiction over the Defendants in this case would not have offend traditional notions of fair play and substantial justice and is consistent with constitutional requirements of due process.

3.      Furthermore, this Court has personal jurisdiction over Defendant, CAM Hospitality, because CAM Hospitality has purposely availed itself of the privileges and benefits of conducting business in the State. Specifically, CAM Hospitality conducts property management of hotel and resort facilities all throughout the State of Texas, including other properties owned by companies such as Hilton, Sheraton and Marriot.  In addition, CAM Hospitality employs Texans to operate its business throughout the State of Texas.  Further, exercising personal jurisdiction over Defendant, CAM Hospitality,

would not offend traditional notions of fair play and substantial justice and is consistent with constitutional requirements of due process. Additionally, CAM Hospitality is registered with the Texas Secretary of State, and has a registered agent for a service of process in the State of Texas and has a registered office located in Austin, Texas.

## II. VENUE AND APPLICABLE LAW

4. Venue is proper within this district in accordance with 28 U.S.C. § 1391 (b)(3). Further, New Mexico state substantive law will apply to this cause of action as the incident made the basis of this lawsuit, leading to Plaintiffs' injuries, occurred in New Mexico.

## III. PARTIES

5. Plaintiff, **ROBERT W. PATE**, is an individual who is a citizen and resident of Jefferson County, Texas, and who has appeared herein through the undersigned counsel.

6. Plaintiff, **SANDRA L. PATE**, is an individual who is a citizen and resident of Jefferson County, Texas, and is the wife of Robert W. Pate, and has also appeared herein through the undersigned counsel.

7. Defendant, **THE BISHOP'S LODGE RESORT AND SPA**, is a business believed to be organized under the laws of the State of New Mexico, and doing business in the State of Texas, including the Eastern District of Texas. The Bishop's Lodge Resort and Spa has appeared in this case through its counsel of record and answered.

8. Defendant, **BISHOP'S LODGE 1, LLC ("Bishop's Lodge 1"),** is a limited liability company believed to be organized under the laws of the State of New Mexico, and doing business in the State of Texas, including the Eastern District of Texas. Bishop's Lodge 1 has appeared in this case through its counsel of record and answered.

9. Defendant, **BISHOP'S LODGE RESORT COMMUNITIES, LLC ("Bishop's Lodge Resort"),** is a limited liability company believed to be organized under the laws of the State of Delaware, and doing business in the State of Texas, including the Eastern District of Texas. Bishop's Lodge Resort has appeared in this case through its counsel of record and has answered.

10. Defendant, **BISHOP'S LODGE – VEF II OPERATOR, INC. ("Bishop's Lodge – VEF),** is a corporation believed to be organized under the laws of the State of Delaware, and doing business in the State of Texas, including the Eastern District of Texas. Bishop's Lodge – VEF has appeared in this case through its counsel of record and has answered.

11. Defendant, **VALUE ENHANCEMENT FUND II, LLC ("Value Enhancement"),** is a limited liability company believed to be organized under the laws of the State of Georgia, and doing business in the State of Texas, including the Eastern District of Texas. Value Enhancement has appeared in this case through its counsel of record and has answered.

12. Defendant, **AREA PROPERTY PARTNERS, LP ("Area Property Partners"),** is a limited partnership believed to be organized under the laws of the State of Delaware, and doing business in the State of Texas, including the Eastern District of Texas. Area Property Partners has appeared in this case through its counsel of record and has answered.

13. Defendant, **CAM HOSPITALITY MANAGEMENT, LLC ("CAM Hospitality"),** is a limited liability company believed to be organized under the laws of the State of Delaware, and doing business in the State of Texas, including the Eastern

District of Texas. CAM Hospitality maintains a registered business office in Austin, Texas. CAM Hospitality has a designated registered agent for service of process in Texas, which is: **Corporation Service Company d/b/a CSC-Lawyers Inco, 211 East 7th Street, Suite 620, Austin, Texas 78701.**

14. Rule 15(c) of the Federal Rules of Civil Procedure, allows for the addition of a proper party, such as CAM Hospitality Management, and such allegations against CAM Hospitality Management would relate back to the original filing of this lawsuit because CAM Hospitality Management's actions in contributing to the cause of the Plaintiffs' injuries would have arose out of the same conduct, transaction and/or occurrence that was set out in Plaintiff's Original Petition that was originally filed in the 136th Judicial District Court of Jefferson County, Texas on or about September 5, 2013 and subsequently removed to the United States District Court for the Eastern District of Texas – Beaumont Division by the Defendants on October 14, 2013. Furthermore, CAM Hospitality Management would not be prejudiced by adding it as a party to this lawsuit as it has received notice of the action as the property manager (pursuant to its relationships with the other Defendants and through its agent and manager, Mr. Richard Verruni) of the subject area where Mr. Pate was injured, and it knew or should have known that this action would have been brought against it, but for the mistake concerning or concealment of its identity as a party in this cause.

## IV.    FACTS

15. On or about June 30, 2012, Mr. Pate was a guest at Defendants' premises known as The Bishop's Lodge Resort and Spa ("Bishop's Lodge") located at 1297 Bishop's Lodge Road, Santa Fe, New Mexico 87501. During Mr. Pate's time as a guest at

Bishop's Lodge on June 30, 2012, Mr. Pate fell through a clandestine storm drain, through no fault of his own, which was covered by a board, dirt and/or debris that prevented Mr. Pate from seeing the storm drain as he traversed the grounds of Bishop's Lodge.  The storm drain was covered and hidden due to the Defendants' lack of maintenance of the storm drain and their failure to warn patrons of the storm drain's location.  Further, there were no warning signs situated near the storm drain indicating or warning patrons, such as Mr. Pate, as to the location of the storm drain.  Accordingly, the actions, inactions and/or conduct of the Defendants proximately caused Mr. Pate to fall into the clandestine storm drain and proximately caused him to sustain severe and serious personal injuries to his back, neck, knees and other areas of his body that have and will continue to require medical treatment, including surgical intervention.  As a result, Mr. Pate seeks recovery of damages from the Defendants resulting from his injuries sustained from the fall.

16.  Defendants are believed to be the owners and/or managers in control of the premises known as Bishop's Lodge, where the incident made the basis of this lawsuit occurred.

### V.  CAUSE OF ACTION ONE – PREMISES LIABILITY CLAIM BY INVITEE

17.  Pursuant to the foregoing facts, Mr. Pate entered Defendants' premises in response to Defendants' invitation to the public, to stay at Defendants' resort and for their mutual benefit.

18.  A condition on Defendants' premises posed an unreasonable risk of harm to Mr. Pate and the public.

19. Defendants knew or reasonably should have known of the danger posed by the clandestine storm drain that was covered up by a board, dirt and/or debris.

20. Defendants had a duty to use ordinary care to ensure that the premises they owned and/or controlled did not present a danger to the Plaintiff or others. This duty includes the duty to inspect and the duty to warn or to cure. Defendants breached the duty of ordinary care by failing to warn the public and/or its patrons, such as Mr. Pate, of the conditions of its premises, including, but not limited to, the clandestine hole that Mr. Pate fell into.

21. Defendants' breach of duty of care proximately caused injury to Plaintiff, which resulted in the following damages:

    a.    past, present and future physical pain and suffering;

    b.    past, present and future mental anguish;

    c.    past, present and future impairment and disfigurement;

    d.    past, present and future disability;

    e.    loss of income and loss of earning capacity;

    f.    loss of consortium;

    g.    past, present and future medical expenses;

    h.    past, present and future consequential damages;

    i.    punitive damages;

    j.    court costs;

    k.    prejudgment and post-judgment interest; and

    l.    attorney's fees.

22. Plaintiffs seek damages within the jurisdictional limits of this Court. Plaintiffs seek a judgment for economic and non-economic damages from Defendants that exceeds $1,000,000.00.

23. Plaintiffs further allege that Mr. Pate's injuries resulted from Defendant's above-described conduct that rise to the level gross negligence, malice or wanton or reckless regard to Plaintiffs rights, which entitles Plaintiffs to exemplary or punitive damages. See, *Gonzalez v. Surgidev Corp.*, 899 P.2d 594 (N.M. 1995); and *Jessen v. Nat'l Excess Ins. Co.*, 776 P.2d 1244 (N.M. 1989).

### VI. CAUSE OF ACTION TWO – NEGLIGENCE

24. Pursuant to the foregoing facts and in the alternative to others counts; Mr. Pate's injuries were the result of Defendants' ongoing negligent activities being conducted and/or failure to act on the premises at the time of the injury, not a condition of the premises. Further, Defendants owed a duty of care to protect its patrons from unreasonable harm as noted above, and Defendants failed to do so. As such, Defendant's actions, inactions and/or conduct, proximately caused the injuries of Plaintiff, to which Plaintiff is entitle to recover damages from the Defendants.

### VII. CAUSE OF ACTION THREE – LOSS OF CONSORTIUM

25. Plaintiff, Sandra L. Pate, is the lawful wife of Plaintiff, Robert W. Pate. They have been married approximately twenty-seven (27) years and enjoyed a healthy, active, loving, productive and fulfilling relationship. Each marriage partner was fully capable of adding to and providing for the marriage through independent labors. Regrettably and sadly, because of the devastating consequences of Defendants' negligence, actions, inactions and/or conduct relating to the incident made the basis of this lawsuit, the marital

relationship will in all responsible probability be altered in a significant and permanent way.

26. As a proximate result of the incident made the basis of this suit and Defendants' negligent acts and conduct as stated above, Plaintiff, Sandra L. Pate, brings this action against Defendants to recover damages for the following items:

    a.    Loss of consortium;

    b.    Loss of household services;

    c.    Emotional and mental anguish; and

    d.    Such other further items of damages as may be supplemented as a result of the discovery performed in this suit.

## VIII.   JURY DEMAND

27. Plaintiffs demand a jury trial and tender the appropriate fee with this complaint.

## IX.   INITIAL DISCLOSURES

28. Under Rule 26(a) of the Federal Rules of Civil Procedure, Plaintiffs request that Defendants submit their initial disclosures within 30 days of the service of this request, the information or materials described in Rule 26(a).

## X.   PRAYER

29. Plaintiffs pray that upon trial, Plaintiffs recover judgment against the Defendants for the elements of damages sought herein, along with prejudgment and post-judgment interest, attorney's fees, and costs, and all further relief, general and special, at law and in equity, to which he may show themselves justly entitled to be receive.

Respectfully submitted:

*/s/Casey H. Hargroder*
CASEY H. HARGRODER
State Bar No. 24050718
H. SCOTT ALEXANDER
State Bar No. 00793247
KEITH KEBODEAUX
State Bar No. 11144300
**KEBODEAUX , HARGRODER & ALEXANDER, L.L.P.**
2905 Toccoa Street
Beaumont, TX 77703
(409) 832-0347
(409) 838-0167 – Facsimile
chargroder@khalaw.com
salexander@khalaw.com
kkebodeaux@khalaw.com

**ATTORNEYS FOR PLAINTIFFS,
ROBERT W. PATE AND SANDRA L. PATE**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of March, 2016, a true and correct copy of the foregoing instrument has been forwarded to the following counsel of record via first class mail, e-mail, hand delivery, and/or facsimile in accordance with Rule 5 of the Federal Rules of Civil Procedure:

Mr. Thomas C. Wright
Mr. Howard L. Close
Mr. R. Russell Hollenbeck
Ms. Lisa M. Wright
Wright & Close, LLP
One Riverway, Suite 2200
Houston, Texas 77056

Mr. Brian G. Cano
Cano & Associates
2777 Allen Parkway, Suite 370
Houston, Texas 77019

*/s/ Casey H. Hargroder*
CASEY H. HARGRODER

Page **10** of **10**